In the Matter of the Application of the VILLAGE OF WELLSVILLE, NEW YORK, Appellant, against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.

Third Department, March 4, 1942.

*Andrews, McBride, Parsons & Pomeroy* [*Harold H. McBride* of counsel], for the appellant.

*Gay H. Brown, Counsel to Public Service Commissiom* [*Harry T. O'Brien, Jr.,* of counsel], for the respondents.

HILL, P. J. Petitioner is the owner of a municipal electric utility plant and distributing system. It appeals from the denial of its application made under article 78 of the Civil Practice Act (prohibition) for an order restraining the Public Service Commission from proceeding with hearings and taking testimony concerning items and charges which were first entered on its books as operating expenses, but which now have been transferred to the fixed capital account.

In an earlier proceeding (257 App. Div. 746) this court annulled an order made by the Commission directing that these items be stricken from its capital account and transferred back to operating expenses. Thereafter the Commission proceeded to investigate and take further proof in regard to the same transaction. The decision of this court which annulled the earlier order remitted the matter to the Commission " for action in accordance with opinion." In the opinion the testimony and proof as to the transactions which were supposed to be reflected by the book entries were discussed in a manner which indicated that we found nothing in the then state of the record to support the findings made by the Commission. Under those circumstances we were required to annul and remit. (Civ. Prac. Act, § 1296, subd. 6.) The attempt by the Commission to appeal to the Court of Appeals from our decision and order was dismissed (283 N. Y. 689) upon the ground that it was not a final order. It would have been final if, within our jurisdiction, we could and had remitted the matter to the Commission only for " the mechanistic process of putting in force " our decision. (*Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320.) Assuming that because of the language used in our former decision its finality was debatable, that uncertainty was removed when the Court of Appeals dismissed the appeal upon the ground that our decision was not final. When the matter came again before the Commission, additional proof could be taken, for our decision did not oust the Commission of jurisdiction. (*Matter of Begent* v. *Noyes*, 284 N. Y. 229; *Matter of N. Y. State Elec. Corp.* v. *Public Service Comm.*, 260 id. 32; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], *supra.*)

The instant appeal involves subdivision 2 of section 1296 of the Civil Practice Act, which is substantially the same as the former remedy of prohibition. The Special Term decided the Commission was within its powers and jurisdiction in continuing the hearings.

The order should be affirmed.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.